IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RODNEY M. HEWITT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18 C 8235 |
| LINCOLN FINANCIAL CORPORATION and LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | ) Judge Joan H. Lefkow ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

Rodney M. Hewitt has sued Lincoln Financial Corporation and Liberty Life Assurance Company of Boston for breach of contract (Count I) and breach of fiduciary duty (Count II) under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, to recover long-term disability benefits, medical care benefits, and payments allegedly due under the terms of the plan.[1] (Dkt. 18.) Before the court is defendants' motion to dismiss the second amended complaint and request for attorney's fees and costs. (Dkt. 34.) For the reasons set forth below, defendants' motion and request are denied.[2]

---

[1] In May 2018, Lincoln purchased Liberty from Liberty's parent company, Liberty Mutual Insurance Company, with all of its then-existing liabilities, whether known or unknown. The court refers to both defendants as "Liberty" in that Liberty was administrator of the benefit plan when the events at issue occurred.

[2] The court has jurisdiction under ERISA, 29 U.S.C. §§ 1001 *et seq.* Venue is proper under 28 U.S.C. § 1391 because Hewitt was employed in this district and the plan at issue was sponsored by his employer.

## BACKGROUND[3]

On November 1, 2013, Hewitt retired from The Dow Chemical Company in Chicago, Illinois, with a vested interest in a retirement and health benefit plan administered by Liberty. In July 2013, before retiring, Hewitt applied for long-term disability benefits under a group disability income policy ("the Policy). On October 23, 2013, Liberty rejected Hewitt's application and on December 16, 2013, denied Hewitt's request for reconsideration. The denial letter informed Hewitt that he had "the right to bring civil action under section 502(a) of ERISA following an adverse benefit determination on review," but the letter did not set out the applicable time limit to do so. The Policy provided that "[a] claimant… cannot start any legal action … more than three years after the time Proof of claim is required." This action was filed on December 14, 2018.

Liberty moves to dismiss Hewitt's second amended complaint, arguing that the claims are time-barred. Hewitt argues that his claims are not time-barred because Liberty failed to notify him of the time limitation in its appeal denial letter as required by ERISA.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. The court must accept as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Active Disposal, Inc.* v. *City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011); *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). A court may also consider documents attached to a motion to dismiss that are referred to in the pleadings, central to the claim, and properly authenticated (or authenticity is conceded). See *Hecker* v. *Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009). To

---

[3] The facts are taken from Hewitt's Second Amended Complaint and are presumed true for this motion. *Active Disposal, Inc.* v. *City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).

survive a Rule 12(b)(6) motion, the allegations in the complaint must be "enough to raise a right to relief above the speculative level." *Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007).

The bar of the statute of limitations is an affirmative defense. *Chi. Bldg. Design, P.C.* v. *Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014). "[A] motion to dismiss based on failure to comply with the statute of limitations should be granted only where 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Id.* at 613–14 (quoting *United States* v. *Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). Dismissal is appropriate, however, "if the claim is 'indisputably time-barred.'" *Rosado* v. *Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016) (quoting *Small* v. *Chao*, 398 F.3d 894, 898 (7th Cir. 2005)).

## **ANALYSIS**

The issue to be resolved is whether Liberty's failure to notify Hewitt of the Policy's limitations period in its appeal denial letter is a violation of ERISA and governing regulations such that the three-year limitation in the Policy does not apply and Hewitt's claim may proceed.

**I.    The Time Limitation of the Policy**

ERISA does not specify a statute of limitations for claims filed under section 502(a)(1)(B). In *Heimeshoff* v. *Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 134 S. Ct. 604 (2013), however, the Supreme Court held that a federal court "must give effect to the policy's limitations provision unless [it determines] either that the period is unreasonably short, or that a 'controlling statute' prevents the limitations provision from taking effect." *Id.* at 109, 134 S. Ct. at 612 (citing *Order of United Commercial Travelers* v. *Wolfe*, 331 U.S. 586, 608, 67 S. Ct. 1355 (1947)).

Defendants rely on the "must give effect" part of the preceding principle. Hewitt counters that "a controlling statute prevents the Policy's limitation period from taking effect." Specifically, Hewitt argues that his claims are not time-barred because the statute as implemented by a United States Department of Labor regulation requires the notice of denial to inform the claimant of the time within which a civil action must be filed.

In addressing the meaning of a statute, the court begins with its "the plain language." *United States* v. *Berkos*, 543 F.3d 392, 396 (7th Cir. 2008). Section 503-1(g)(1) of ERISA provides:

> [E]very employee benefit plan shall… provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant[,] and afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. §1133. At the time of the appeal denial letter, the Department of Labor's implementing regulation governing ERISA's claim procedures instructed:

> The plan administrator shall provide claimant written or electronic notification of any adverse benefit determination … in a manner calculated to be understood by the claimant…. (iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring civil action under section 502(a) of the Act following an adverse benefit determination on review.

29 C.F.R. § 2650.503-1(g)(1)(iv).[4]

---

[4] In 2018, the DOL amended 29 C.F.R. 2560.503-1 (claims procedure) to clarify what plan administrators must include in any adverse benefit determination letter. Now, the denial letters must contain notice of "the claimant's right to bring action . . ." *and* "any applicable contractual limitations period that applies to the claimant's right to bring action, including the calendar date on which the contractual limitations period expires for the claim." 29 C.F.R. 2560.503-1(j)(4)(ii). The parties agree that this standard does not apply here.

Although Liberty argues that the Seventh Circuit has already settled the issue presented here, in fact, the Circuit has not yet addressed it and there appears to be a circuit split.[5] Two circuit courts have rejected the argument that the denial letter must inform the participant of the time limit for filing a civil action. In *Scharff* v. *Raytheon Co. Short Term Disability Plan*, 581 F.3d 899 (9th Cir. 2009), the Ninth Circuit stated in dictum that, where the plan administrator's letter of denial referred the participant to the Summary Plan Description for information about appeal rights and, because a reasonable participant would find the one-year limitation for filing a civil action in the SPD, the plan fulfilled its statutory and regulatory notice requirements. *Id.* at 903.[6] The Eleventh Circuit, for purposes of its decision, construed the ambiguity of section 503 in favor of the plaintiff but nevertheless ruled that the plan's limitation was enforceable absent a showing that equitable tolling should apply. *Wilson* v. *Standard Ins. Co.*, 613 F. App'x 841, 844 (11th Cir. 2015).

On the other hand, the Third Circuit concluded that the DOL envisioned civil actions as one of the review procedures and thus required notice of applicable time limits for judicial review. *Mirza* v. *Ins. Administrator of Am., Inc.*, 800 F.3d 129, 136 (3d Cir. 2015). The Sixth Circuit similarly concluded that the language of ERISA and its regulations "expressly included" a claimant's right to bring civil action within the review procedures for which applicable time limits must be provided. *Moyer* v. *Metro. Life Ins.*, 762 F.3d 503, 505 (6th Cir. 2014); *see also Santana Diaz* v. *Metro. Life Ins. Co.*, 816 F.3d 172, 180 (1st Cir. 2016) ("the term 'including'

---

[5] Liberty cites cases that have upheld the time limit provisions within ERISA plans. *Di Joseph* v. *Standard Ins.*, 776 F. App'x 343, 348 (7th Cir. 2019); *Abena* v. *Metropolitan Life Ins.*, 544 F.3d 880, 883 (7th Cir. 2008). The cases address equitable tolling and the reasonableness of the time limit at issue. They do not address whether a "statement of the claimant's right to bring civil action" requires notice of the time limit for doing so.

[6] One member of the panel believed that the time limit information in the SPD was obscure. *Scharff*, 581 F.3d at 909–11 (Pregerson, J., dissenting).

5

indicates that an ERISA action is considered one of the 'review procedures' and thus notice of the time limit must be provided") (internal citations omitted) (citing *Ortega Candelaria* v. *Orthobiologics LLC*, 661 F.3d 675, 680 n.7 (1st Cir. 2011)).

This court concludes that the First, Third, and Sixth circuits' opinions are better reasoned because they consider the statute and regulation in the context of the ameliorative intent of the Congress in enacting ERISA. When assessing legislative intent, courts consider, "in addition to the statutory language, the reason for the law, the problems to be remedied, and the objects and purposes sought." *In re Hernandez*, 918 F.3d 563, 569 (7th Cir. 2019) (citing *People* v. *Donoho*, 204 Ill. 2d 159, 172 (2003)). The Supreme Court teaches that ERISA is a remedial statute intended to protect participants in employee benefit plans, provide adequate remedies, and ensure "ready access to the federal courts." *Aetna Health Inc.* v. *Davila*, 542 U.S. 200, 208 (2004) (quoting 29 U.S.C. § 1001(b)). The First Circuit echoes that the purpose of 29 U.S.C. § 1133 is to "ensur[e] a fair opportunity for judicial review…." *Santana Diaz*, 816 F.3d at 181; *see also Brown* v. *J.B. Hunt Transp. Serv., Inc.*, 586 F.3d 1079, 1086 (8th Cir. 2008) ("One of the purposes of § 1133 is to provide claimants with sufficient information to prepare adequately for … an appeal to the federal courts"); *Gagliano* v. *Reliance Standard Life Ins.*, 547 F.3d 230, 235 (4th Cir. 2008) (recognizing the importance of the ERISA appeal process for ensuring proper court review). And, as the First Circuit pointed out,

> [I]t is the denial of benefits letter that most clearly and readily provides the plaintiff with the information he needs to know to pursue his claim. This leaves us with but one conclusion to draw, which is that the regulation itself contemplates that failure to include this information in the denial of benefits letter is *per se* prejudicial to the plaintiff.

*Santana Diaz*, 816 F.3d at 182 (emphasis in original).

Legislative intent is not acknowledged in *Scharff* and *Wilson*. In *Scharf*, the court found mere notice of where to find the information elsewhere as sufficient compliance with the regulation, a result that puts the participant to the task of looking for what he needs to know. In *Wilson*, the court, by adding a requirement to show equitable tolling, seemed to ignore the consequence of its conclusion that the regulation construed in favor of the plaintiff would mean the participant was entitled to notice of the time limit in the denial letter. In this court's view, where ambiguity is present, as here, the remedial purpose of the statute should be served, particularly where the roadblock is procedural. In other words, giving Hewitt full opportunity to pursue his claim does not mean that he will necessarily prevail on the merits.[7] Furthermore, it is a principle of contract law that ambiguity is to be construed against the drafter. *Klapp* v. *United Ins. Group Agency, Inc.*, 468 Mich. 459, 470–471 (2003).[8]

## II.     Applicable Statute of Limitations

The next question is what time limit should apply in lieu of that stated in the Policy. It is well established in the Seventh Circuit that where "a participant sues under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), seeking to recover benefits purportedly due to him under the terms of his ERISA plan, . . . the most analogous Illinois statute of limitations is the 10-year period for suits pertaining to written contracts." *See Daill* v. *Sheet Metal Workers' Local 73*

---

[7] Defendants argue in their reply memorandum that they should not have been required to notify Hewitt of the time limit to file a civil action in their appeal denial letter based on decisions from other circuits made after the denial letter was issued. This perceived unfairness is in the nature of litigation. A court rules only after an issue is presented to it. And it is appropriate for the court to consider the opinions of other circuit courts when its own has not addressed an issue.

[8] Both parties cite Illinois law in their briefs, but the Policy states that Michigan law governs. It is unnecessary to determine the choice of law in this opinion.

7

*Pension Fund*, 100 F.3d 62, 65 (7th Cir. 1996). The statute of limitations for breach of contracts in Michigan is 6 years. Mich. Comp. Laws 600.5807(9).

Hewitt's claim accrued in December 2013; he had until December 2019 to sue. Therefore, his complaint was timely filed.[9]

### III. Attorney's Fees and Costs

Defendants request an award of attorney's fees and costs in connection with their motion to dismiss Hewitt's second amended complaint pursuant to ERISA, 29 U.S.C. § 1132(g)(1), which details that the court "may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1), 1451(e). As the court denies defendants' motion to dismiss, defendants' request for attorney's fees and costs is also denied.

### ORDER

Defendants' motion to dismiss the second amended complaint is denied. Defendants' request for attorney's fees and costs is denied. The parties are directed to proceed under Federal Rule of Civil Procedure 26(a) to prepare a litigation plan. A proposed scheduling order shall be filed on or before February 15, 2021. A status hearing will be held on February 23, 2021 at 11:15 a.m.

Date: February 2, 2021

_____
U.S. District Judge Joan H. Lefkow

---

[9] Hewitt's complaint pleads both a claim under ERISA and a breach of contract claim based on the Policy. This opinion addresses only the breach of fiduciary duty under ERISA. If treated solely as a breach of contract claim, the three-year contractual limit would presumably apply, barring that claim.